Eastern District of Kentucky
**FILED**

JUL 12 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 20-CR-115-DCR

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          **PLEA AGREEMENT**

SYED SHERAZ AHMED                                                     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 3 and 5 of the Indictment. Count 3 charges traveling for sex with a minor in violation of 18 U.S.C. § 2423(b). Count 5 charges that Defendant received a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The United States has agreed that should the Court accept Defendant's plea of guilty to Counts 3 and 5 of the Indictment, it will dismiss Counts 1, 2 and 4 of the Indictment. Defendant will also agree to the forfeiture allegation.

2. The essential elements of 18 U.S.C. § 2423(b) are:

   a) That the defendant traveled in interstate commerce.
   b) That the defendant did so with intent to engage in illicit sexual conduct. The term "illicit sexual conduct" includes a sexual act with a person who is over 12 but under 16 and is four years younger than Defendant.

The essential elements of 18 U.S.C. § 2252(a)(2) are:

a) Defendant knowingly received a visual depiction.
b) That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.
c) That the visual depiction was of a minor engaging in sexually explicit conduct.
d) That the visual depiction was received using a means of interstate or foreign commerce.

3. As to Counts 3 and 5 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

In the fall of 2015, K.B. met the Defendant through Facebook. The Defendant used the Facebook name Jerry Heinrick and was Facebook friends with multiple young girls and women. Defendant lived in Ohio and K.B. was a middle school student in Madison County, Kentucky in the Eastern District of Kentucky. Defendant and K.B. had conversations over Facebook and Snapchat. Defendant sent K.B. a sex toy in January 2016. The packaging listed the sender as "Sheraz" with Defendant's address in Ohio. Upon receipt, K.B. used the sex toy by inserting it into her vagina while on a Snapchat video with Defendant. K.B. and Defendant did not have a contact for a while after that because K.B. did not have access to a phone. K.B. and Defendant resumed communication in September 2016.

On September 21, 2016, Defendant made plans to drive from Ohio to Kentucky to meet K.B. in person. K.B., who was 14 at the time, told Defendant that she was 15 and that he could pick her up at her middle school. Defendant was 35 years old. On September 22, 2016, Defendant arrived at K.B.'s middle school. Defendant and K.B. communicated the

plans and pickup on cellular phones using Facebook. K.B. left the campus when Defendant arrived and rode with him to a local motel where he had paid for a room. Defendant's GPS device included directions to K.B.'s middle school, the motel, and K.B.'s house. Defendant had sexual intercourse with K.B., and was stopped by police afterwards when he was driving her home. Defendant told police that he had simply picked K.B. up on the road and was giving her a ride home. Search warrants of Defendant's cellular phones found that they had either been put in factory reset or the screen had been damaged which prevented any information from being gleaned from them. A forensic examination of K.B.'s phone revealed images in which her vagina was the focal point. K.B. told investigators that those were images that were sent to Defendant at his request.

K.B.'s phone also included the September 21, 2016, and September 22, 2016, Facebook messages with Defendant in which he confirmed sending her the sex toy. Specifically, Defendant asked K.B. on September 21, 2016, "And you still got the gift I sent." K.B. responded "no, sorry they took it." Defendant asked, "They found it? How?" K.B. said, "Cause she was cleaning and I forgot to put it up." K.B. then asked Defendant, "Did you post videos of me using it?" Defendant said, "No way. Why would I do that to you?" K.B. said, "my stepmom said she found a video of me on a porn site and you were the only one." Defendant responded, "She's lying because I swear I didn't post anything." K.B. said, "ok." Defendant said, "I love you why would I hurt you."

Later in the conversation, Defendant told K.B. that he was curious why her mother would have said that "about your video" and that "no porn site would have your videos

3

because of your age." Defendant also told K.B. "add me on Snapchat I miss watching you." K.B. added Defendant on Snapchat. The Facebook messages on September 21, 2016, showed K.B. and Defendant then attempted to video chat. When K.B. could not get her camera to activate she asked if they could not just text and she would fix the camera later. Defendant said that they could text on Snapchat and she could "send pics." K.B. said, "I am not sending nudes." Defendant said, "ok, baby." Four hours later, the Facebook messages show Defendant attempting a Facebook video chat with K.B.

By 7:00 a.m. the next morning, Defendant is on Facebook messaging K.B. and referencing conversations that were not captured on Facebook including about her plans for after he and K.B. would meet and what he was going to do to her sexually when he met her. K.B. said "all I ask is that you don't video it." Defendant said, "I won't."

4. The statutory term of imprisonment for a conviction Count 5 is not less than five years to not more than 20 years, a fine of not more than $250,000.00, and a term supervised release of not less than five years nor more than lifetime supervised release.

The statutory term of imprisonment for a conviction for Count 3 is not more than 30 years imprisonment, a $250,000.00 fine, and not less than 5 years nor more than lifetime supervised release.

A mandatory special assessment of $100 per count applies, and the Defendant will pay the assessment to the U.S. District Court Clerk at the time of sentencing. An additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, applies for non-indigent Defendants convicted of certain offenses, including those

in chapter 110, committed after May 29, 2015 through September 30, 2021.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. The Defendant's relevant conduct includes facts set out above in paragraph 3, as well as the information provided to the Defendant in discovery, and images found on his property. These recommendations do not bind the Court.

*[Handwritten margin note: Defendant reserves the right to challenge the guideline calculations contained in paragraph 5. WB 5A]*

a) The United States Sentencing Guidelines (U.S.S.G.), for November 2015 will determine the Defendant's guidelines range.

b) Pursuant to § 2G2.2, receipt of child pornography (Count 5) would be a base level of 22.

c) Pursuant to § 2G2.2(b)(3)(E), the base offense level for Count 5 is increased by 7.

d) Pursuant to § 2G2.2(b)(5), engaging in a pattern of activity increases the base offense level for Count 5 by 5.

e) Pursuant to § 2G2.2(b)(6), the use of a computer would increase the base offense for Count 5 by 2 levels.

f) Pursuant to § 2G2.2(b)(7), the number of images would increase the base offense level for Count 5 by 4 levels.

g) Pursuant to § 2G2.2(c)(1), the cross reference to § 2G2.1 applies which would result in a base offense level of 40 for Count 5.

5

h) Pursuant to § 2G1.3, the base offense level for traveling for sex (Count 3) would be 24.

i) Pursuant to §2G1.3(b)(2), misrepresentation of a participant's identity or undue influence would increase the base offense level for Count 3 by 2 levels.

j) Pursuant to §2G1.3(b)(3), use of a computer to persuade, induce, entice, coerce the minor to engage in prohibited sexual conduct would increase the base offense for Count 3 level by 2 levels.

k) Pursuant to § 2G1.3(b)(4), because the offense involved a sexual act or sexual conduct, the base offense level for Count 3 would be increased by 2 levels.

l) Pursuant to § 2G1.3(c)(1), the cross reference to 2G2.1 applies which would result in a base offense level of 40 for Count 3.

m) Pursuant to § 3D1.2, the Counts are grouped and the Count that produces the highest offense level will control the base offense level for the Group.

n) Pursuant to § 4B1.5(b)(1), the base offense level for highest grouped count would be increased by 5 for a pattern of activity.

o) Pursuant to U.S.S.G. § 3E1.1(b) and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

6. Restitution is applicable. Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offenses of conviction (Counts 3 and 5), as well as any victims whose images are contained in the dismissed counts (Counts 1, 2, and 4), pursuant to 18 U.S.C. §§ 2259, 2259A, 3663, 3663(a)(3), 2248, and 3663A.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains his right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. The Defendant further agrees to waive any and all provisions of Rule 32.2 pertaining to the timing of the filing of forfeiture orders.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the

7

Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees

that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 7/12/21    By: *[signature]*
Emily K. Greenfield
Assistant United States Attorney

Date: 7/12/21    *[signature]*
Syed Sheraz Ahmed
Defendant

Date: 7/12/21    *[signature]*
William Butler
Attorney for Defendant