1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
 2                    CENTRAL DIVISION AT LEXINGTON
                                 - - -
 3
     UNITED STATES OF AMERICA,      : Docket No. 20-cr-115
 4                                  :
                        Plaintiff,  : Lexington, Kentucky
 5                                  : Monday, July 12, 2021
                                    : 11:00 a.m.
 6   v.                             :
                                    :
 7   SYED SHERAZ AHMED,             :
                                    :
 8                     Defendant.   :

 9                               - - -
                      TRANSCRIPT OF REARRAIGNMENT
10                     BEFORE DANNY C. REEVES
            UNITED STATES CHIEF DISTRICT COURT JUDGE
11                               - - -

12   APPEARANCES:

13   For the United States:      EMILY K. GREENFIELD, ESQ.
                                 U.S. Attorney's Office
14                               260 W. Vine Street
                                 Suite 300
15                               Lexington, Kentucky 40507

16   For the Defendant:          WILLIAM M. BUTLER, JR., ESQ
                                 Law Office of William M. Butler, Jr.
17                               500 W. Jefferson Street
                                 Suite 1520
18                               Louisville, Kentucky 40202
                                   and
19                               ASHLEY WITTE DAWSON, ESQ.
                                 Law Office of Ashley Witte Dawson
20                               810 Sycamore Street
                                 5th Floor
21                               Cincinnati, Ohio 45202

22   Court Reporter:             ELAINE S. HABERER, RPR
                                 Official Court Reporter
23                               101 Barr Street
                                 Lexington, Kentucky 40507
24                               (859) 469-7456

25        Proceedings recorded by mechanical stenography,
     transcript produced by computer.
```

2

1          (Proceedings commenced in open court at 11:00 a.m.)

2          THE COURT:  Madam Clerk, would you call the matter

3    scheduled for 11:00, please?

4          COURTROOM DEPUTY:  Yes, Your Honor.

5    Lexington Criminal Action Number 20-115, United States of

6    America v. Syed Sheraz Ahmed, called for rearraignment.

7          THE COURT:  Thank you.  Would counsel state their

8    appearances, please?

9    Ms. Greenfield.

10          MS. GREENFIELD:  Good morning.  Emily Greenfield for

11    the United States.

12          THE COURT:  Thank you.

13    Mr. Butler.

14          MR. BUTLER:  Good morning, Your Honor.  For the

15    record, I'm William Butler, one of Ahmed's counsel.

16          MS. DAWSON:  And Ashley Dawson, his other counsel.

17          THE COURT:  All right.  Thank you.

18    The defendant is present in the courtroom with counsel.

19    This matter is scheduled for rearraignment for purposes

20    of allowing the defendant to enter a guilty plea to Counts 3

21    and 5 of the indictment.

22    Is Mr. Ahmed ready to proceed, Mr. Butler?

23          MR. BUTLER:  Yes, Your Honor.

24          THE COURT:  Thank you.

25    Madam Clerk, would you please administer the oath to the

1    defendant to answer questions?

2            COURTROOM DEPUTY:  Yes, Your Honor.

3            **SYED SHERAZ AHMED, was duly sworn**

4            THE COURT:  Thank you.  Please be seated.

5        Mr. Ahmed, would you state your full name, please?

6            THE DEFENDANT:  Syed Sheraz Ahmed.

7            THE COURT:  All right.  Mr. Ahmed, as we proceed here

8    this morning, let me first remind you that you have just been

9    placed under oath by the clerk, and as a result, the answers

10   that you give to the questions I'll be asking you must be

11   truthful.  I do need to remind you that if you should fail to

12   give truthful answers, you could be prosecuted for perjury or

13   making a false statement to the Court.

14       You do understand that?

15           THE DEFENDANT:  I do, sir.

16           THE COURT:  The way we'll be proceeding this morning

17   is I will begin by asking you a few questions to confirm that

18   you are competent and able to enter a guilty plea in the case.

19   Also, I want to discuss with you some of the factors that the

20   Court would consider in imposing a sentence in this matter,

21   and I'll also be reviewing with you some of the rights that

22   you'd be giving up by entering a guilty plea rather than

23   proceeding with a trial before a jury.

24       If at any point you feel like you don't understand one of

25   my questions or if I'm not clear, please stop me and tell me

4

1    that.  If you'll do that, I'll repeat or rephrase the

2    question.

3        Will you do that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  All right.  Mr. Ahmed, let me begin by

6    asking your age.  How old are you?

7              THE DEFENDANT:  40.

8              THE COURT:  How much education do you have?

9              THE DEFENDANT:  I have a bachelor's degree.

10             THE COURT:  And where did you last attend school?

11             THE DEFENDANT:  Franklin University, Columbus, Ohio.

12             THE COURT:  In Columbus?  All right.  That's where

13   you got your BA degree; is that correct?

14             THE DEFENDANT:  That's correct.

15             THE COURT:  And are you from the Columbus area?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  All right.  You're obviously able to read

18   and write.  Are you currently receiving any medical treatment

19   or treatment for any mental health issues?

20             THE DEFENDANT:  Just some eye treatment.  Nothing

21   major.

22             THE COURT:  All right.  Have you ever been treated or

23   hospitalized for any type of a mental illness or mental

24   condition?

25             THE DEFENDANT:  I was before I was in incarcerated,

1  sir.

2  THE COURT:  Can you tell me generally the type of

3  treatment that you were receiving?

4  THE DEFENDANT:  I was diagnosed bipolar.

5  THE COURT:  All right.  And you're no longer taking

6  medications for that condition; is that accurate?

7  THE DEFENDANT:  That is correct, sir.

8  THE COURT:  All right.  Did you stop taking those

9  medications when you were arrested?

10  THE DEFENDANT:  That is correct.

11  THE COURT:  All right.  Have you been diagnosed with

12  any other mental health issues other than bipolar?

13  THE DEFENDANT:  No, sir.

14  THE COURT:  Are you under the influence of any type

15  of drugs or alcohol at the present time?

16  THE DEFENDANT:  No, sir.

17  THE COURT:  Do you take any prescription medicines of

18  any type?

19  THE DEFENDANT:  No, sir.

20  THE COURT:  All right.  And before your arrest, can

21  you tell me how you were working?

22  THE DEFENDANT:  I was working as an insurance

23  adjuster.

24  THE COURT:  All right.  Was that in the Columbus

25  area?

1     THE DEFENDANT:  That's correct.

2     THE COURT:  Let me ask your attorneys just a couple

3 of questions.

4   Mr. Butler, have you had any problems communicating with

5 Mr. Ahmed in the case?

6     MR. BUTLER:  No, Your Honor.

7     THE COURT:  And do you have any reason to believe

8 that he does not understand the charges that have been placed

9 against him in this matter?

10     MR. BUTLER:  No, Your Honor, none whatsoever.

11     THE COURT:  Do you have any reason to believe that

12 he's impaired such that he could not proceed here today with a

13 guilty plea in accordance with his written plea agreement?

14     MR. BUTLER:  No, sir.

15     THE COURT:  All right.  Thank you.

16   Mr. Ahmed, let me confirm that you have received a copy

17 of the indictment in the case; is that correct?

18     THE DEFENDANT:  I have, sir.

19     THE COURT:  Have you had the opportunity to review

20 the indictment and discuss it with your attorneys?

21     THE DEFENDANT:  I have, sir.

22     THE COURT:  Have you discussed not only the charges

23 that have been made against you, but the case in general with

24 your attorneys?

25     THE DEFENDANT:  That is correct, sir.

1        THE COURT:  And then going back to the charges, do

2    you feel like you understand those charges?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Are you satisfied with the advice and the

5    representation that your attorneys have given you to this

6    point in the case?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  All right.  Now, Mr. Butler, do you have

9    the signed plea agreement in this matter?

10       MR. BUTLER:  Yes, Your Honor.

11       THE COURT:  All right.  If you could bring it up to

12   the clerk, together with the supplement, please.

13       Mr. Ahmed, I have received your written plea agreement in

14   the case, which is a ten-page document, together with the

15   supplement.

16       The plea agreement appears to have your signature dated

17   today, and those same signatures -- and the attorneys have

18   also signed this document.  Those same signatures appear on

19   the supplement.  It also appears that you signed that document

20   today as well.

21       Let me confirm that this is your signature on both

22   documents and that you signed both of these final documents

23   today; is that correct?

24       THE DEFENDANT:  That is correct, sir.

25       THE COURT:  Before signing these documents, did you

have the opportunity to review each one?

THE DEFENDANT: Yes, sir.

THE COURT: And did you discuss the documents with your attorneys?

THE DEFENDANT: I have, sir.

THE COURT: Do you feel like you understand the terms and the conditions of your plea agreement as well as the supplement to the plea agreement?

THE DEFENDANT: I do, sir.

THE COURT: If I take these two documents together, the plea agreement and the supplement, do they represent the only agreement that you have with the government in the case?

THE DEFENDANT: That is correct.

THE COURT: All right. Now, in just a moment, Mr. Ahmed, I'm going to ask Ms. Greenfield, on behalf of the United States, to review the central parts of your plea agreement. I'm not going to ask her to read this document line by line, but I am going to ask her to summarize it for us.

As she does that, I would like for you to listen carefully because when she finishes, I'll ask Mr. Butler, then I'll ask you, if she has accurately summarized the document. So if you would, please listen carefully as she does that.

Ms. Greenfield.

MS. GREENFIELD: Yes, Your Honor. As you noted for

1   the record, I'm reading from a 10-page document entitled Plea

2   Agreement that's been signed by the parties on the last page.

3   This will be just a summary of the document.

4          The first paragraph outlines the charges that the

5   defendant will be pleading guilty to, which are Counts 3 and 5

6   of the indictment.

7          Count 3 charging traveling for sex with a minor in

8   violation of 18 United States Code 2423(b).

9          And Count 5 charging the defendant received a visual

10  depiction of a minor engaging in sexually explicit conduct in

11  violation of 18 United States Code, Section 2252(a)(2).

12         In exchange for the plea of guilty to Counts 3 and 5, the

13  government has agreed to move the Court to dismiss Counts 1,

14  2, and 4 of the indictment.  And the defendant will also agree

15  to the forfeiture allegation.

16         Paragraph 2 describes the essential elements of Counts 3

17  and 5 that the government would have to prove in this matter.

18         Paragraph 3 outlines the facts that establish the

19  essential elements of the offenses beyond a reasonable doubt,

20  and those are the facts that defendant admits in this case.

21         Paragraph 4, on page 4, outlines the statutory terms of

22  imprisonment for Count 5.  It is not less than five years to

23  not more than 20 years, a fine of not more than $250,000, and

24  a term of supervised release of not less than five years nor

25  more than lifetime supervised release.

1          The statutory term of imprisonment for a conviction on

2     Count 3 is not more than 30 years imprisonment, a $250,000

3     fine, and not less than five years nor more than lifetime

4     supervised release.

5          A mandatory special assessment of $100 per count applies.

6     The defendant will pay that assessment to the district court

7     at the time of sentencing.  An additional mandatory special

8     assessment of $5,000 per count pursuant to statute applies for

9     non-indigent defendants convicted of certain offenses,

10    including those contained in this indictment.

11         In paragraph 5 are some sentencing guideline

12    recommendations that the parties have made.  They may object

13    to or argue in favor of other calculations.  And there is an

14    addendum on paragraph 5 that was written in today which the

15    parties have initialled for the Court which allows the

16    defendant to reserve the right to challenge the guideline

17    calculations.  Of course, the guideline calculations in the

18    plea agreement do not bind the Court.

19         THE COURT:  All right.  So as I understand,

20    paragraph 5, together with the addendum or the modification in

21    paragraph 5, the parties are recommending certain

22    calculations, but the defendant is now changing that

23    provision.  He's not recommending those calculations but the

24    government is; is that accurate?

25         MS. GREENFIELD:  Yes, Your Honor.

1      THE COURT:  All right.  Thank you.

2      MS. GREENFIELD:  In paragraph 6 restitution is

3   applicable and it provides that the defendant agrees to pay

4   restitution.  Number one, that the restitution will be

5   determined at sentencing.  The defendant also agrees to pay

6   restitution equal to the loss caused to any victim of the

7   offenses of the conviction, which would be Counts 3 and 5, as

8   well as any victims whose images are contained in the

9   dismissed counts, which would be 1, 2, and 4.  And they're

10   pursuant to some statutory provisions.

11      We have x'd out 18 United States Code 2259(a).  I believe

12   that is a 2018 -- actually a special assessment provision, so

13   that was not applicable.  And 2248 which applies to a

14   different chapter of the code for sexual abuse which was not

15   pertinent here.  So we went ahead and marked those out today

16   as well just to make sure we were clear.

17      THE COURT:  All right.

18      MS. GREENFIELD:  And then no agreement exists about

19   defendant's criminal history.

20      For paragraph 8, the defendant is waiving his right to

21   appeal the guilty plea and conviction, but retains his right

22   to appeal the sentence.

23      And except for claims of ineffective assistance of

24   counsel, the defendant will waive his right to attack

25   collaterally the guilty plea, conviction, and sentence.

1       There is, in paragraph 9, the forfeiture agreement, and

2    paragraph 10, cooperating with financial disclosure

3    provisions.

4       And then in paragraph 12, provides information about him

5    requiring to be registered as a sex offender following his

6    conviction and outlines the agreement with regard for that

7    requirement.

8       And paragraph 13, if the defendant violates any part of

9    this agreement, the United States may void this agreement and

10    seek an indictment for any violations of federal law.  And the

11    defendant waives any right to challenge the initiation of

12    additional federal charges.

13       And the supplement and plea agreement are the only

14    agreement between the United States and this defendant.  And

15    of course, it does not bind any other state, local, or federal

16    prosecuting authorities.

17       THE COURT:  All right.  Thank you.

18     Mr. Butler, did Ms. Greenfield accurately summarize the

19    essential parts of the plea agreement?

20       MR. BUTLER:  Yes, Your Honor.

21       THE COURT:  And that would include the modifications

22    that were made in handwriting today; is that correct?

23       MR. BUTLER:  Yes, that's correct.

24       THE COURT:  All right.  Thank you.

25     Mr. Ahmed, were you able to hear Ms. Greenfield as she

1    was going through your plea agreement?

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  Did she accurately summarize it as you

4    understand it?

5         THE DEFENDANT:  Yes, sir.

6         THE COURT:  Other than what's contained in the plea

7    agreement and the supplement, have there been any other

8    promises made to you by anyone that have caused you either to

9    sign these documents or to indicate that you wish to enter a

10   guilty plea in the case?

11        THE DEFENDANT:  No, Your Honor.

12        THE COURT:  Has anyone made any threats or in any way

13   forced you either to sign these documents or to enter a guilty

14   plea in the case?

15        THE DEFENDANT:  No, Your Honor.

16        THE COURT:  Do you understand that if I accept a plea

17   of guilty from you pursuant to your plea agreement, you would

18   be adjudged guilty of the charges contained in Counts 3 and 5

19   of the indictment, and you would lose certain rights that you

20   may have, including the right to vote, the right to hold

21   public office, the right to serve on a jury, and also the

22   right to possess a firearm or any type of a dangerous weapon.

23      You do understand that?

24        THE DEFENDANT:  That's correct; yes, sir.

25        THE COURT:  All right.  Let me take a moment to go

over the statutory penalties.  Now, Ms. Greenfield reviewed
these with you, but I want to go through these as well.  Of
course, the statutory penalties are the maximum penalties that
could be imposed by law.

There is one count, Count 5, that has a mandatory minimum
term.  That would set a bottom, or the lesser amount, that the
Court could impose in terms of a term of incarceration, but
the statutory term of imprisonment for Count 5 would be a term
of incarceration for not less than five years and not more
than 20 years.  There would also be a fine of not more than
$250,000 that could be imposed, and there would be a term of
supervised release that also has a minimum of five years.  It
could extend up to life, but it's a minimum of five years'
supervision.

For Count 3 there's a maximum term of incarceration
that's not more than 30 years.  There's a possibility of a
fine for that count as well, it's $250,000 maximum fine, and
there would also be a term of supervised release of not less
than five years for that count, not less than five years nor
more than life.

There would also be a mandatory special assessment of
$100 that would be applied for each count of conviction, two
counts, a total of $200.  And according to your plea
agreement, that would be due at the time of the sentencing
hearing.

1          There's also a possibility of a mandatory special

2     assessment by statute.  That's $5,000 per count, could be a

3     total of $10,000, but that applies to non-indigent defendants

4     that would be convicted of offenses that would be included in

5     the charges in this particular case.

6          You could also be required to pay restitution to any

7     victim in the case as well.

8          And do you understand that those are the maximum

9     statutory penalties that could be imposed in your case?

10               THE DEFENDANT:  I do, Your Honor.

11               THE COURT:  Do you also understand that you could

12     receive additional penalties, including additional jail time,

13     if you were to violate any condition of supervised release

14     that would be imposed by the Court?

15          You do understand that?

16               THE DEFENDANT:  I do, sir.

17               THE COURT:  All right.  Let me take a moment, I'd

18     like to talk with you about some factors that would be

19     considered by the Court in imposing a sentence in this case.

20     I'd like to begin by discussing the sentencing guidelines with

21     you, but I'll also talk with you about some other statutory

22     factors, so let me begin with the guidelines.

23          First, let me advise you that the sentencing guidelines,

24     the United States sentencing guidelines are not binding on

25     district courts, but because the guidelines are considered in

1  imposing sentences, it is important for you to understand

2  generally how the guidelines operate.

3      The sentencing guidelines are based upon two primary

4  factors.  The first is the offense level for the crime that's

5  been charged, together with any adjustments that might apply.

6  And second is any criminal history that you might have.  Those

7  factors are taken together, and they determine what's called

8  the guideline range.

9      I find out about those factors and about the guideline

10  range from a presentence report.  That's a report that will be

11  prepared by the probation officer that's been assigned to your

12  case.  After the report has been prepared, it will be shown to

13  you and to your attorney, and also to counsel for the United

14  States.

15      You will all have the opportunity to review the report,

16  and through your attorneys, you'll be able to file objections

17  to anything that you might disagree with.  I would need to

18  resolve those objections before we could proceed with the

19  sentencing hearing.

20      But do you understand that until that process takes

21  place, it would be impossible for the Court or for your

22  attorneys to know exactly what the guideline range would be in

23  your case?

24      You do understand that?

25          THE DEFENDANT:  I do, sir.

1          THE COURT:  Now, in this particular case there are

2    certain recommendations that are set forth in the plea

3    agreement and there's been a modification to that

4    recommendation.

5          Originally the parties were making recommendations about

6    how to calculate the guidelines.  At this point, the United

7    States is making recommendations and you're reserving the

8    right to challenge any of the guidelines that may be set forth

9    in the plea agreement or that may be set forth in the

10   presentence report, or that the Court may find applies in the

11   case.  In other words, you can challenge the guideline

12   calculations in this matter.

13         And you do understand that?

14              THE DEFENDANT:  I do, sir.

15              THE COURT:  Do you also understand that the

16   recommendations that the government is making in this case

17   would not be binding on the Court?

18              THE DEFENDANT:  I do, sir.

19              THE COURT:  All right.  In this particular case,

20   there is one count, as I indicated, that does have a mandatory

21   minimum term of incarceration.  I do want to advise you that

22   any time there's a statutory provision, the statutory

23   provision would control if there's some conflict with the

24   guideline provisions.  So statutes control over guidelines in

25   a particular case.

1      Has that been explained to you?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  In addition to the sentencing

4      guidelines, courts also consider a number of statutory factors

5      in imposing sentences.  Those statutory factors are outlined

6      in Title 18 of the United States Code, Section 3553.  Let me

7      mention some of those factors.

8          Now, the Court will, of course, consider all that would

9      apply in the case, and you and your attorney and the United

10     States may argue that certain factors should be considered.

11     The Court will consider all that are relevant, but they

12     include things such as the nature and circumstances of the

13     offense, the history and the characteristics of the person

14     that's to be sentenced, the need for the sentence to reflect

15     the seriousness of the offense, the need to promote respect

16     for the law and provide a just punishment for the offense.

17         The Court would also consider what's called the deterrent

18     effect that the sentence would have and whether there's a need

19     to protect the public from any future crimes of the defendant.

20         Also, if a particular defendant needs any type of

21     rehabilitative services, those will also be considered.  And

22     that would include things such as vocational or educational

23     training, medical care or treatment, or treatment for any

24     addictions that might be present, such as an addiction to

25     drugs or alcohol.

1        Again, there are a number of other factors listed in the

2   statute, those are some that are often considered.  But again,

3   all that are relevant will be considered in your case and you

4   may argue in favor of any relevant factor.

5        And you understand that; correct?

6             THE DEFENDANT:  I do, sir.

7             THE COURT:  Now, going back to your plea agreement,

8   there is some waiver language that is contained in paragraph 8

9   of the plea agreement.

10       In paragraph 8, you're waiving the right to appeal the

11  guilty plea and the conviction.  In other words, you couldn't

12  take a direct appeal to challenge the guilty plea or the

13  conviction.  But you're specifically reserving the right to

14  appeal the sentence or the manner in which the sentence is

15  calculated in your case.

16       I do want to advise you, however, that to take an appeal

17  to challenge the sentence, you have to do so timely.  You have

18  to file a notice of appeal within 14 days from the date that

19  the judgment is entered.  Otherwise, the appeal may be

20  dismissed as untimely.

21       Do you understand that?

22             THE DEFENDANT:  I do, sir.

23             THE COURT:  Finally, in paragraph 8, you do have some

24  language here that waives certain rights that would concern

25  your ability to collaterally attack the guilty plea, the

1    conviction, or the sentence.

2         Paragraph 8 provides that, except for claims of

3    ineffective assistance of counsel, you're waiving the right to

4    attack collaterally the guilty plea, the conviction, and the

5    sentence.  When you give up the right to collaterally attack,

6    as that phrase is used in this paragraph, you're giving up the

7    right to file a separate lawsuit to challenge the matter.

8    Sometimes that's referred to as a habeas motion or a habeas

9    petition.  And, with one exception, you would not be able to

10   collaterally attack the guilty plea, the conviction, or the

11   sentence, and the exception would be a claim of ineffective

12   assistance of counsel.  You could still make that claim in a

13   collateral proceeding, but you would be limited to that claim.

14        And you understand that as well; correct?

15             THE DEFENDANT:  I do, sir.

16             THE COURT:  All right.  Now, again, I do want to

17   advise you that while you certainly could appeal the sentence

18   that would ultimately be imposed in the case, you would not be

19   able to withdraw from your guilty plea or withdraw from your

20   plea agreement.

21        If, for example, your attorneys' prediction or your

22   belief about the guidelines were to be incorrect, that

23   wouldn't be a reason to withdraw your guilty plea or withdraw

24   from the plea agreement.

25        Also, if the sentence that's imposed in your case would

1 be more severe than you'd expect, as long as the Court imposes

2 a legal sentence, that would not be a reason to either

3 withdraw from the plea agreement or withdraw your guilty plea.

4   And you understand that; correct?

5    THE DEFENDANT:  I do, sir.

6    THE COURT:  If you are sentenced to a term of

7 incarceration, you would not be released on parole.  Parole

8 has been eliminated in the federal system.

9   Now, let me take just a moment, I'd like to talk with you

10 about some rights that you would be giving up by entering a

11 guilty plea rather than proceeding to a jury trial.  Now,

12 before I do that, I want to tell you that if you wanted to

13 continue with a plea of not guilty and proceed to trial, of

14 course you could do so.

15   You have a right to a speedy, public trial, and any

16 verdict that would be returned would have to be a unanimous

17 decision of a jury composed of 12 persons.  But you could

18 waive those rights, and you can enter a guilty plea today, as

19 you've indicated you wished to do.

20   By doing so, of course, there are certain rights that you

21 do give up, but one right that you don't give up or waive is

22 your right to assistance of counsel.  You have that right at

23 all stages of this proceeding, and you do not lose that right

24 by entering a guilty plea.

25   You have the right to hire an attorney.  If you can't

afford one, of course, an attorney is provided to you at no cost.  But as I mention, there are some other rights that you do waive or give up by entering a plea of guilty.

For example, if this case were to proceed to a jury trial, you would have the right of confrontation, which means you would have the right to see, hear and, through your attorney, cross-examine any witnesses that might testify against you.  If you don't go to trial, you don't have that opportunity.

Also, if the case proceeded to trial, you would have the ability to subpoena witnesses to testify in the case on your behalf if you chose to do so.  It's called the right of compulsory process, and you would be able to have those subpoenas issued if you wished to call witnesses in the case.

If the case proceeded to trial, you would have the right to remain silent during the trial.  And while you could testify if you chose to do so, you could not be required to testify.  In fact, if you decided to remain silent at trial, the United States could not comment on your silence throughout the course of the proceeding.

At trial, you would be presumed innocent of any charges against you and, therefore, before you could be convicted of a charge, the United States would be required to prove the charge to a jury beyond a reasonable doubt, which is the burden of proof that the government carries from start to

1  finish in a trial with regard to each and every count that is
2  charged.

3      If I do accept a plea of guilty from you, there would not
4  be a trial as we discussed, and you would waive or give up
5  those rights that I've just explained to you.

6      You understand that; correct?

7          THE DEFENDANT:  I do, sir.

8          THE COURT:  All right.  What I would like to do at
9  this time is take just a moment to review Counts 3, 5, and the
10 forfeiture allegation with you, and after I've gone through
11 these charges, I'm going to ask you to tell me, in your own
12 words, what it was that you did to be guilty of these
13 substantive charges.

14     I understand that there is some factual information in
15 your plea agreement, I'll ask you to confirm that's correct as
16 well, but before we get to the plea agreement, I'll ask you to
17 tell me what you did.

18         Now, in Count 3 it's alleged that on or about
19 September 22nd, 2016, in Madison County, in the Eastern
20 District of Kentucky, and elsewhere, that you did travel in
21 interstate commerce for the purpose of engaging in any illicit
22 sexual contact as defined in Title 18 of the United States
23 Code, Section 2423(f)(1), with another person, to wit:  A
24 person under 18 years of age, all in violation of Title 18 of
25 the United States Code, Section 2423(b).

1    Count 5 alleges that from on or about February 1st, 2016,

2    and continuing through on or about September 21st, 2016, in

3    Madison County, in the Eastern District of Kentucky, and

4    elsewhere, that you did knowingly receive a visual depiction

5    using any means or facility of interstate or foreign commerce,

6    including by a computer, and the production of said visual

7    depiction involved the use of a minor, identified by the

8    initials K.B., engaging in sexually explicit conduct, and the

9    visual depiction was of such conduct, all in violation of

10   Title 18 of the United States Code, Section 2252(a)(2).

11   Finally, the forfeiture allegation alleges that, by

12   virtue of committing the offenses alleged in the indictment,

13   which would include those set forth in Counts 3 and 5, that

14   any and all interest that you would have in certain property

15   should be forfeited to the United States and vested to the

16   United States pursuant to Title 18, Section 2353, and the

17   property would include a SanDisk card bearing the serial

18   number listed, a Samsung digital camera, bearing serial number

19   listed which is A9LHC9AF800XM8Y.

20   Next, a GPS TomTom, serial number GT6162B03345, and all

21   software and peripherals which are either contained on or

22   associated with the listed computer.

23   So those are the two substantive charges plus the

24   forfeiture allegation.

25   Can you tell me, in your own words, what it was that you

1    did to be guilty of those two substantive charges?

2            THE DEFENDANT:  I apologize, sir.  I'm not sure about

3    the dates, but roughly around 2015 I communicated with a

4    minor, I believed her age was 15, and after the communication

5    I, in 2016, I drove to meet with her in Madison County and had

6    a sexual relationship with her.

7            THE COURT:  How old were you at the time of the

8    contact in 2016?

9            THE DEFENDANT:  I was 35.

10           THE COURT:  35?  All right.  In the plea agreement

11   there's a factual summary, it's a lengthy factual summary, it

12   begins at page 2, paragraph 3, and it continues onto the

13   middle of page 4.  I know you've had the opportunity to review

14   the factual summary with your attorneys.

15       Is the information that's contained in paragraph 3 true

16   and correct?

17           MS. DAWSON:  Your Honor, could we have a minute?  He

18   had a quick question for me.

19           THE COURT:  Yes, ma'am.

20       (Attorneys conferring with defendant.)

21           MS. MAYER:  Your Honor, Mr. Ahmed wanted to review

22   those facts one more time.  I believe we're ready to proceed.

23           THE COURT:  Mr. Ahmed, the last question I'd asked is

24   whether the information that is contained in paragraph 3 of

25   your plea agreement is true and correct?

1          THE DEFENDANT:  Yes, sir, it is.

2          THE COURT:  All right.  If this matter proceeded to a

3     jury trial, the government would be required to prove certain

4     elements to obtain a conviction on Counts 3 and 5.

5          The elements for Count 3 are set forth in paragraph 2, as

6     well as the elements for Count 5 on the second page.  For

7     Count 3 the government would be required to prove that you

8     traveled in interstate commerce, that you did so with the

9     intent to engage in illicit sexual contact, and that that

10    term, that is, "illicit sexual contact" includes a sexual act

11    with a person who is over 12 but under 16, and is four years

12    younger than the defendant.

13         For the next count, Count 5, the government would be

14    required to prove that you knowingly received a visual

15    depiction.

16         Second, that the production of the visual depiction

17    involved the use of a minor engaging in sexually explicit

18    conduct.

19         Third, that the visual depiction was of a minor engaging

20    in sexually explicit conduct, and that the visual depiction

21    was received using a means of interstate or foreign commerce.

22         And if this case were to proceed to trial, do you believe

23    the government could prove those elements to a jury for those

24    two counts beyond a reasonable doubt based upon the

25    information available to you?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Now, you told me about -- you gave me

3   some specific information about Count 3, which is traveling to

4   engage in illicit sexual contact with a minor; you also

5   acknowledge the elements for the additional count, Count 5,

6   which is receiving visual depictions of a minor, and those

7   facts are outlined in paragraph 3 as well.  And do you also

8   agree that the government could prove those elements if the

9   case proceeded to trial?

10      THE DEFENDANT:  That is correct, sir.

11      THE COURT:  All right.  Is it your intention to enter

12  a plea of guilty to these two counts, Counts 3 and 5, because

13  you are, in fact, guilty of those counts and for no other

14  reason?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  Do you also agree to forfeit any interest

17  that you might otherwise assert in the property that is listed

18  in the forfeiture allegation of the indictment?

19      THE DEFENDANT:  Yes, sir.

20      THE COURT:  Ms. Greenfield, in your opinion, has a

21  sufficient factual basis been stated for the Court to accept a

22  plea of guilty from Mr. Ahmed to Counts 3 and 5?

23      MS. GREENFIELD:  Yes, Your Honor.

24      THE COURT:  All right.  Mr. Butler, do you agree as

25  well?

1        MR. BUTLER:  Yes, Your Honor, I do.

2        THE COURT:  Mr. Ahmed, what is your plea to Counts 3

3    and 5 of the indictment?

4        THE DEFENDANT:  Guilty, sir.

5        THE COURT:  Well, I am satisfied with the responses

6    that you've given me and I will make the following findings in

7    your case at this time:

8        It is the finding of this Court, in the case of United

9    States v. Syed Sheraz Ahmed, that Mr. Ahmed is fully competent

10   and capable of entering an informed plea.

11       Further, his plea of guilty is a knowing and a voluntary

12   plea, which is supported by an independent basis in fact,

13   containing the essential elements of the offenses that are

14   charged in Counts 3 and 5 of the indictment.

15       His plea, therefore, will be accepted.  He will be

16   adjudged guilty of the offenses charged in those two counts

17   and will be required to forfeit any interest that he might

18   otherwise assert in the property that is listed in the

19   forfeiture allegation of the indictment.

20       The sentencing hearing will be scheduled in this matter

21   for here in Lexington on Monday, October 18th at 9:00 a.m. if

22   counsel is available on that date and at that time.

23       Ms. Greenfield, how does that look on your calendar?

24       MS. GREENFIELD:  That's fine, thank you.

25       THE COURT:  Mr. Butler?

1        MR. BUTLER:  That's fine with us, Your Honor.

2        THE COURT:  October 18th, 9:00 a.m., subject to

3    intervening orders of the Court.

4        Mr. Ahmed, you will need to meet with the probation

5    officer as the officer begins to work on your presentence

6    report.  You are entitled to have counsel present as you meet

7    with the probation officer.  It's always a good idea for you

8    to have at least one of your attorneys present for that

9    meeting.

10        Your attorneys may know some things that will need to be

11    pointed out in your favor that you may not think of, or you

12    may not think of as being important when they could be.  And I

13    do want to make sure that you understand that you can have

14    counsel present if you choose to do so as you meet with

15    probation.

16        THE DEFENDANT:  I do, sir.

17        THE COURT:  All right.  I've asked you quite a few

18    questions here this morning, and it does appear to me that

19    you've understood my questions.  Is there anything that I

20    asked you that you didn't understand but you answered either

21    out of politeness or for some other reason?

22        THE DEFENDANT:  No, sir.

23        THE COURT:  All right.  So you've understood all my

24    questions?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  All right.  I'll provide the sentencing

2     order and the plea agreement to the clerk for filing.

3          Ms. Greenfield, would you like to come up and pick up the

4     supplement?  You can retain that for your records.

5          I believe I previously set aside the trial date in the

6     case.

7                MR. BUTLER:  Your Honor?

8                THE COURT:  Yes, sir, Mr. Butler.

9                MR. BUTLER:  I apologize.  I just thought of

10    something.

11               THE COURT:  Yes, sir.

12               MR. BUTLER:  My daughter is getting married the day

13    before the 18th, I believe the 17th.  May we have a different

14    date?  I apologize for --

15               THE COURT:  Let me see what I've got here.  Let me

16    see if I have a calendar that goes that far out.

17         Can you pull up the calendar on the computer?

18         First date I would have available would be November 15th.

19         Could you check your calendars for Friday, October 29th

20    beginning at 2:00 p.m.?

21               MR. BUTLER:  Your Honor, that will be fine.  I

22    apologize for not noticing that before.

23               THE COURT:  Ms. Greenfield, is that date available

24    for you?

25               MS. GREENFIELD:  That's fine, Your Honor.

1    THE COURT:  Let me make those handwritten changes on

2   that order.  Rather than do a new order, I just made

3   handwritten changes on the sentencing order reflecting the

4   date of October 29th at 2:00 p.m. for the sentencing hearing.

5     All right.  See if we have any other issues that we need

6   to take up in the case.

7     Ms. Greenfield?

8         MS. GREENFIELD:  No, Your Honor.

9         THE COURT:  Mr. Butler, anything else?

10        MR. BUTLER:  No, Your Honor, thank you.

11        THE COURT:  All right.  Thank you.  We will be in

12  recess.

13    (Proceedings concluded at 11:40 p.m.)

14                        - - -

15               C E R T I F I C A T E

16    I, ELAINE S. HABERER, RPR, certify that the
    foregoing is a correct transcript from the record of
17  proceedings in the above-entitled case.

18

19  _/s/ Elaine S. Haberer_              February 1, 2022_
    ELAINE S. HABERER, RPR               Date of Certification
20  Official Court Reporter

21

22

23

24

25